IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JASON MORENO | § | |
| VS. | § | CIVIL ACTION NO.   1:21-CV-345 |
| SHERIFF, JEFFERSON COUNTY | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Jason Moreno, a prisoner confined at the Jefferson County Correctional Facility, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

Petitioner alleges he is in custody awaiting trial for three criminal cases pending in Jefferson County, and that his parole was revoked based, at least in part, on the new criminal charges. Petitioner filed this petition seeking federal intervention in the state criminal proceedings and to initiate a criminal prosecution against a police officer.

Analysis

Generally, federal courts do not interfere with ongoing state criminal prosecutions. *Younger v. Harris*, 401 U.S. 37, 46 (1971). Federal courts are required to decline to exercise jurisdiction over lawsuits when: (1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the petitioner has an adequate opportunity to raise constitutional challenges in the state proceedings.

*Bice v. Louisiana Public Defender Bd.*, 677 F.3d 712, 716 (5th Cir. 2012). If these three criteria are met, a federal court may exercise jurisdiction only if one of three exceptions applies. *Id*. A federal court may disregard *Younger* and exercise jurisdiction if: (1) the state court proceeding was brought in bad faith or with the purpose of harassing the petitioner; (2) the state statute flagrantly violates constitutional prohibitions as written and as applied in any circumstance; or (3) application of the *Younger* doctrine was waived. *Texas Ass'n of Business v. Earle*, 388 F.3d 515, 519 (5th Cir. 2004).

The *Younger* abstention doctrine applies in this case because granting petitioner the relief he seeks would interfere with an ongoing state criminal proceeding; the state has an important interest in enforcing its criminal laws; and petitioner has the opportunity to raise his constitutional claims during the state proceedings. Petitioner has not demonstrated that any of the three exceptions to abstention apply in this instance. Accordingly, the petition should be dismissed for lack of jurisdiction.[1]

## Recommendation

This petition for writ of habeas corpus should be dismissed.

## Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an

---

[1] Petitioner cited 28 U.S.C. § 2241 as the basis for this court's jurisdiction, and he paid the $5 filing fee associated with a habeas petition. Petitioner raises some claims that are civil rights in nature. In the event petitioner wishes to pursue those claims, he may do so by filing a civil rights action and paying the $402 filing fee required for filing a civil action.

aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Services Auto Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996); 28 U.S.C. § 636; FED. R. CIV. P. 72.

**SIGNED this the 6th day of August, 2021.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE